## GRENADA INDUSTRIES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 14272.

United States Court of Appeals
Fifth Circuit.

March 26, 1953.

Arthur L. Gilliom, Indianapolis, Ind., Robert A. Littleton, Washington, D. .C., Gilliom, Armstrong & Gilliom, Indian-

apolis, Ind., for petitioner, Samuel J. Mantel, Indianapolis, Ind., of counsel.

Maryhelen Wigle, Ellis N. Slack, Lee A. Jackson, Sp. Assts. to Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Charles S. Lyon, Acting Asst. Atty. Gen., Charles W. Davis, Chief Counsel, John M. Morawski, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This proceeding was brought by the petitioner, Grenada Industries, Inc., for the review of a decision [1] of the Tax Court of the United States under the provisions of sections 1141 and 1142 of the Internal Revenue Code, Title 26, U.S.C.A. §§ 1141–1142. The decision under review determined deficiencies in income, declared value excess profits, and excess-profits taxes in amounts aggregating $136,383.53 for the fiscal years of the petitioner ended March 31, 1941, March 31, 1942, March 31, 1943, and March 31, 1944. All of these deficiencies resulted from the Tax Court's approval of the respondent Commissioner's action, under section 45 I.R.C.,[2] in allocating to the petitioner, and consolidating with its income portions of the income of Grenada Hosiery Mills (a partnership, found by the Tax Court as "valid" and entitled to recognition as a "separate entity"). The petitioner, Grenada Industries, Inc., is here challenging all of these deficiencies.

Urging upon us that the contract of June 24, 1940, between "Hosiery" and "Grenada" is absolutely controlling here and must be given effect as written, petitioner insists that the Tax Court erred in failing to give to the contract the interpretation and effect

1. 17 T.C. 231.

2. Section 45 of the Internal Revenue Code, Title 26 U.S.C.A. § 45, reads as follows: "§ 45. Allocation of income and deductions. In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses."

given it by the parties and contended for there and here by petitioner. Particularly it urges upon us that the Tax Court erred in holding that section 45 I.R.C. authorized the Commissioner to allocate to the petitioner as its income portions of the income which under the contract of June 24, 1940, the parties to it had allocated to "Hosiery".

The Commissioner in effect accepts the Tax Court's decision in the respects in which it was adverse to him. Agreeing that the only question for our decision is whether the Tax Court erred in allocating to petitioner, under section 45 I.R.C., "a portion of the purported income" of the partnership Hosiery, he insists that its findings of fact find full support in the record and that its decision based thereon is in full accord with the applicable law.

A careful examination of the Tax Court's thorough and painstaking analysis of the facts and its equally thorough discussion and exposition of the meaning and effect of Sec. 45, as applied to the facts of this case, convinces us that the facts have been correctly apprehended and stated and the law as correctly applied to them. Indeed, we find ourselves in such complete agreement with its excellent opinion that we content ourselves with saying so. Without, therefore, attempting to add anything to or take anything from its clear and convincing discussion and decision of the question posed, we note our agreement with the opinion of the Tax Court and affirm its decision upon the grounds and for the reasons stated by it.

Affirmed.